UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

HASSAN KEMP,

                Petitioner,    :    07 Civ. 6996 (RMB)(HBP)

   -against-                   :    MEMORANDUM OPINION
                                            AND ORDER

PEOPLE OF THE STATE OF NEW YORK,  :

                Respondent.   :

-----------------------------------X

USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 1-25-08

       PITMAN, United States Magistrate Judge:

       By motion dated August 29, 2007, (Docket Item 5), petitioner in this Section 2254 proceeding seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. For the reasons set forth below, the motion is denied without prejudice to renewal.

       It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such proceedings is a matter of discretion. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001). Accordingly, petitioner's application should be analyzed in the same manner as any other application for counsel in a civil case.

The factors to be considered in ruling on a motion for counsel are well settled and include "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. April 26, 1996). In the words of the Court of Appeals for the Second Circuit:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. Accord Odom v. Sielaff, supra, 1996 WL 208203 at 1. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.").

Although I am willing to assume for the present that petitioner lacks the resources to retain counsel and he has made sufficient efforts on his own to secure counsel, his current

2

application establishes none of the other elements relevant to an application for counsel.

In response to the question on the form motion for counsel that asks petitioner to explain why he feels he needs a lawyer, petitioner stated, "Because I'm not law oriented," which I assume means that petitioner lacks any legal training. Although I am sure that petitioner's response is accurate, it is not sufficient. Virtually every habeas corpus petitioner is not trained in the law, and the vast majority are indigent. If lack of legal training were sufficient to warrant the appointment of counsel in habeas corpus proceeding, Section 3006A would come precariously close to creating a right to counsel in habeas proceedings.

In addition, it does not appear that petitioner has any meritorious claims. Petition was convicted of two narcotics offenses in connection with a sale of crack cocaine to an undercover police officer. The evidence at trial showed, among other things, that the undercover officer gave money to petitioner, and petitioner then approached a third individual. Petitioner gave the money to that individual and received crack in return that petitioner subsequently delivered to the undercover officer. Prerecorded buy money was recovered from both the petitioner and the third party.

Although the petition is inartfully drafted, petitioner appears to be asserting four claims: (1) the evidence was insufficient to disprove the agency defense; (2) petitioner was deprived of his right to testify before the grand jury; (3) ineffective assistance of counsel based on counsel's failure to (1) call certain witness; (2) secure petitioner's right to testify before the grand jury, and (3) waive a jury trial ,and (4) the officers who testified against petitioner committed perjury.

Putting aside for the moment the substantial exhaustion and procedural-bar issues respondent raises concerning some of the claims, petitioner's claims appear to be extremely weak. Petitioner testified at trial that he was acting as the agent of the undercover officer/buyer, and his first and fourth claims appear to be based entirely on that testimony. The jury rejected petitioner's testimony and credited the prosecution's witnesses. It is well settled that a federal habeas corpus court cannot, in the absence of extremely exceptional situations, revisit a jury's credibility determinations. Foster v. California, 394 U.S. 440, 442 n.2 (1969); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996); Jimenez v. Walker, 00-CV-3599 (JBW), 03-MISC-0066 (JBW), 2003 WL 22952842 at *8 (E.D.N.Y. Nov. 4, 2003); Rosa v. Herbert, 277 F. Supp.2d 342, 347 (S.D.N.Y. 2003); Burke v. Mann, 93-CV-5017 (RR), 1995 WL 860755 at *10 (E.D.N.Y. Dec. 4, 1995); Fagon

4

v. Bara, 717 F. Supp. 976, 979 (E.D.N.Y. 1989); Gandia v. Hoke, 648 F. Supp. 1425, 1430 (E.D.N.Y. 1986), aff'd, 819 F.2d 1129 (2d Cir. 1987).

Petitioner's claim that he was denied his right to testify before the grand jury does not appear to present a federal claim cognizable in a habeas corpus proceeding because a state criminal defendant has no federal right to be charged by a grand jury. Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972), Hurtado v. California, 110 U.S. 516, 534-35 (1884); LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002); Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990).

Finally, to the extent petitioner is asserting that counsel was ineffective for failing to call certain witness and failing to waive a jury trial, there is little likelihood of his being able to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance, a habeas petitioner must demonstrate, among other things, that but for trial counsel's errors, there is a "reasonable probability" that the result of the trial would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, supra, 466 U.S. at 694.

To the extent petitioner is basing his ineffective assistance claim on counsel's failure to call certain witnesses,

the only uncalled witnesses identified in the petition are petitioner's co-defendants and a Sergeant Cross. Petitioner, however, gives no indication that these witness were willing to testify on petitioner's behalf, nor does he indicate how their testimony would have helped his case. Vague allegations such as these are insufficient to establish the prejudice required by Strickland. Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) ("To affirmatively prove prejudice [from counsel's failure to investigate], a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial. Moreover, if potential trial witnesses are not called to testify at a post conviction review hearing, the petitioner ordinarily should explain their absence and 'demonstrate, with some precision, the content of the testimony they would have given at trial.'"); Sharp v. United States Army, 9:04-CV-1070 (LEK/VEB), 2008 WL 163595 at *7 (N.D.N.Y Jan. 16, 2008) ("Petitioner's conclusory assertions of ineffective assistance would be insufficient to satisfy either prong of the Strickland standard, particularly given the strength of the prosecution's case."); Carr v. Senkowski, 01-CV-689, 2007 WL 3124624 at *21 (W.D.N.Y. Oct. 23, 2007) ("[A] petitioner does not show that he was prejudiced by trial counsel's alleged deficient performance merely by asserting that certain witnesses *might* have supplied relevant testimony;

6

rather, he must state exactly what testimony they would have supplied and how such testimony would have changed the result."); McPherson v. Greiner, 02 Civ. 2726 (DLC)(AJP), 2003 WL 22405449 at *25 (S.D.N.Y. Oct. 23, 2003) ("[Petitioner]'s claims that trial counsel was ineffective for failing to investigate are conclusory and give no indication as to what exculpatory evidence a proper investigation would have revealed, or how such evidence would have benefitted [petitioner]'s case."); Warren v. Brunell, No. 95-CV-6565L, 1997 WL 67828 at *4 (W.D.N.Y. Feb. 11, 1997) ("[C]omplaints of uncalled witnesses are generally looked upon with disfavor, especially where the only evidence of their testimony is from the defendant or petitioner himself."), citing Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985); see also Minor v. Henderson, 754 F. Supp. 1010, 1019 (S.D.N.Y. 1991) ("'"complaints of uncalled witnesses are not favored in federal habeas review, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative."'").

Finally, it is difficult to understand how a trial by jury could possibly prejudice a criminal defendant, at least where, as here, the crime does not involve alleged conduct or gruesome exhibits that would tend to evoke loathing, disgust or other strong negative emotions in the minds of lay jurors.

7

Accordingly, petitioner has failed to show that his petition is sufficiently meritorious to warrant the appointment of counsel pursuant to the Criminal Justice Act and his motion for counsel is, therefore, denied without prejudice to renewal. Any renewed application should be accompanied by an affidavit establishing the factors identified above.

Dated: New York, New York
January 25, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Hassan O. Kemp.
1263 Herkimer Street
Brooklyn, New York 11233

Lisa Fleischman, Esq.
Priscilla Steward, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York 10271