UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HASSAN KEMP,

                    Petitioner,

   - against-

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
------------------------------------------------------------X

07 Civ. 6996 (RMB) (HBP)

**DECISION & ORDER**

## I. Background

On or about July 3, 2007, Hassan Kemp ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his March 14, 2003 conviction, following a jury trial in New York State Supreme Court, New York County, for criminal possession of a controlled substance in the third degree in violation of New York Penal Law § 220.16 and criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39(1). (See Pet. at 3.) Petitioner was sentenced to five to ten years in state prison and drug treatment on the criminal sale count and one year on the criminal possession count to be served concurrently. (See Sentencing Tr., dated Mar. 14, 2003 ("Sent. Tr."), at 30.) Petitioner is currently under "parole supervision." (Resp. Decl. in Opp'n to Pet., dated Oct. 19, 2007 ("Resp. Opp'n"), at 1.)

Petitioner appealed his conviction on the grounds, among others, that "the People failed to disprove [Petitioner's] agency defense beyond a reasonable doubt" and Petitioner's counsel's "failure to object to [an] erroneous and prejudicial [jury] charge [i.e., agency] deprived [Petitioner] of the effective assistance of counsel." (Br. for Def.-Appellant, dated Apr. 2005 ("Appellant's Br."), at 22, 33.) On or about March 2, 2006, the Appellate Division, First

Department unanimously affirmed Petitioner's conviction finding, among other things, that "the verdict was based on legally sufficient evidence"; and Petitioner's "counsel was not ineffective for failing to except to the [agency] charge." People v. Kemp, 27 A.D.3d 203, 204 (1st Dep't 2006). On or about July 6, 2006, the New York Court of Appeals denied Petitioner leave to appeal. See People v. Kemp, 7 N.Y.3d 791 (2006).

In the Petition, Petitioner argues, among other things that: (1) he "bought [crack cocaine] for [himself] and the [undercover officers] and was charged with sale when [he] was the agent and buyer"; (2) "a standee attorney waived [Petitioner's] right to appear before the Grand Jury"; (3) Petitioner's counsel failed to call as witnesses two codefendants and the police sergeant supervising the undercover operation (collectively, "Uncalled Witnesses"); counsel "never had a private investigator investigate the occurrence;" and counsel "made the [Petitioner have] a jury trial when [Petitioner] requested . . . a [bench] trial"; and (4) "both [undercover] officers committed perjury in the courtroom." (Pet. at 6, 8, 9, 11.)

On October 19, 2007, Respondent filed an opposition to the Petition. (See Resp. Opp'n.)

On December 1, 2008, United States Magistrate Judge Henry B. Pitman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Petition be denied. Judge Pitman determined, among other things, that: (1) "there was sufficient evidence to sustain the jury's rejection of [P]etitioner's agency defense"; (2) "state criminal defendants have no federal constitutional right to be charged by a grand jury"; (3) Petitioner's ineffective assistance of counsel claims fail because "Petitioner does not explain how [the testimony of the Uncalled Witnesses] would have rendered the outcome of the trial unreliable;" Petitioner "provides no information concerning the evidence that a private investigation would have unearthed, or how such investigation would have led to a different

2

outcome;" and Petitioner "has not come forward with any evidence that the jury's consideration of [his] case was any less fair, patient, and impartial towards him than a judge's consideration would have been"; and (4) this Court "cannot revisit the jury's credibility findings" regarding alleged "inconsistencies between the testimony of the prosecution and defense witnesses." (Report at 20, 25, 28.) Judge Pitman also recommended that this Court decline to issue a certificate of appealability because Petitioner had "not made a substantial showing of the denial of a constitutional right[.]" (See Report at 28 (citing 28 U.S.C. § 2253).)

The Report allowed the parties ten days to file written objections. (Report at 29.) To date, neither party has filed objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

**II.    Standard of Review**

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III.     Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. A review of the Report shows that Judge Pitman's recommendations are neither clearly erroneous nor contrary to law; in fact, they are supported by the law in all respects.[1]

**(1)     Sufficiency of the Evidence**

Judge Pitman properly determined that there was "sufficient testimony to establish that [P]etitioner was acting as a broker between a seller and a buyer [of cocaine], aiming to satisfy both, but largely for his own benefit" in order "to sustain the jury's rejection of [P]etitioner's agency defense." (Report at 19, 20.) "A middleman who acts as a broker between a seller and buyer, aiming to satisfy both, but largely for his own benefit, cannot properly be termed an agent of either." People v. Argibay, 45 N.Y.2d 45, 53 (N.Y. 1978); see also Graham v. Lape, 476 F. Supp. 2d 399, 404 (S.D.N.Y. 2007) ("The evidence that was presented in this case cannot reasonably be construed to show that the petitioner was acting solely on behalf of the buyer."); Brown v. Breslin, No. 02 Civ. 6044, 2003 WL 22952841, at *5 (E.D.N.Y. Nov. 26, 2003).

**(2)     Grand Jury Proceedings**

Judge Pitman properly determined that the Petitioner has "no federal constitutional right to be charged by a [state] grand jury" and "such claims are not cognizable in a habeas corpus proceeding." (Report at 20 (internal quotations and citations omitted)); see also Fields v. Soloff,

---

[1]     Judge Pitman determined that "[i]t does not appear that [P]etitioner asserted all of his claims in constitutional terms, nor does it appear that he utilized all avenues of review potentially available to him in state courts," but "the course that best serves the interests of justice is to address the substance of the claims and to deny them on the merits." (See Report at 14–15) (internal quotations and citations omitted); see also Padilla v. Keane, 331 F. Supp. 2d 209, 216 (S.D.N.Y. 2004) ("In the interest of judicial economy, the Court will exercise its discretion under § 2254 and address the merits of Padilla's unexhausted claims.") (citing 28 U.S.C. § 2254(b)(2)).

4

920 F.2d 1114, 1118 (2d Cir. 1990); Dunn v. Sears, 561 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) ("Federal courts have consistently held that the right to appear before the grand jury is not reviewable by a federal habeas court."); Tenace v. Senkowski, No. 03 Civ. 900, 2007 WL 2874441, at *4 (N.D.N.Y. Sept. 27, 2007).

(3) **Alleged Ineffective Assistance of Counsel**

Judge Pitman properly determined that Petitioner's counsel was not ineffective for failing to call the Uncalled Witnesses because "Petitioner gives no indication that the [U]ncalled [W]itnesses . . . were willing to testify on his behalf, or that their testimony would have supported his theory[,] . . . and petitioner does not explain how [their testimony] would have led to a different outcome." (Report at 24–25); see also Taylor v. Poole, 538 F. Supp. 2d 612, 621 (S.D.N.Y. 2008) ("There is no indication that [the uncalled witness] would have provided testimony beneficial to [petitioner]."); Carr v. Senkowski, No. 01 Civ. 689, 2007 WL 3124624, at *21 (W.D.N.Y. Oct. 23, 2007) (Petitioner "must state exactly what testimony [the uncalled witnesses] would have supplied and how such testimony would have changed the result").

Judge Pitman also correctly determined that counsel was not ineffective for failing to enlist a private investigator because Petitioner "provides no information concerning the evidence that a private investigation would have unearthed, or how such an investigation would have led to a different outcome." (Report at 25); see also Jones v. Spitzer, No. 01 Civ. 9754, 2003 WL 1563780, at *19 (S.D.N.Y. Mar. 26, 2003); Matura v. United States, 875 F. Supp. 235, 238 (S.D.N.Y. 1995) ("Petitioner has not stated why his counsel's investigation was inadequate, what his counsel should have investigated, what this investigation would have produced, or how the fruits of this investigation would have aided petitioner's case.").

And, Judge Pitman properly determined that "[P]etitioner voluntarily, knowingly and intelligently submitted to a trial by jury after conferring with counsel" and "the crime [i.e., criminal sale of a controlled substance] does not involve alleged conduct or gruesome exhibits that would tend to evoke . . . strong negative emotion in the minds of lay jurors." (Report at 26); see Norton v. Florida, No. 05 Civ. 1417, 2008 WL 2156755, at *8 (M.D. Fla. May 22, 2008); see also Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir. 1989) ("There is nothing in the record to indicate that, in the absence of defense counsel's errors, a different factfinder (i.e., a jury) would have been reasonably likely to arrive at a different outcome."); People v. Owens, 710 N.Y.S.2d 790, 792 (N.Y. Sup. Ct. 2000) ("Our Federal and State Constitutions guarantee a defendant a right to a jury trial. No similar guarantee is bestowed upon the right to a bench trial.") (citations omitted).

### (4) Alleged Perjury by Prosecution Witnesses

Judge Pitman properly determined that where "the only 'evidence' of perjury are inconsistencies between the testimony of the prosecution and defense witnesses . . . a federal habeas court cannot revisit the jury's credibility findings." (Report at 28); see Cephas v. Ercole, No. 07 Civ. 6048, 2008 WL 1944837, at *5 (S.D.N.Y. Apr. 29, 2008); De Chirico v. Walker, 558 F. Supp. 2d 355, 374 (E.D.N.Y. 2008).

### IV.    Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing, and a certificate of appealability is neither warranted nor appropriate in this case.

6

## V. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed, and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       February 9, 2009

                                                    *RMB*
                                   **RICHARD M. BERMAN, U.S.D.J.**